UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGGIE ANDERS, SR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2442** |
| **SANDERSON FARMS, INC. ET AL.** | **SECTION: "H"(1)** |

ORDER AND REASONS

Before the Court is Defendant Integrity Express Logistics, LLC's Motion to Dismiss, or In the Alternative, Motion to Transfer Venue (Doc. 25). For the following reasons, this Motion is **GRANTED.**

BACKGROUND

This case arises out of an alleged breach of contract. Reggie Anders, Sr. and Underdog Trucking, LLC[1] ("Plaintiffs") are engaged in the shipping business and executed a broker-carrier agreement ("the Agreement") with Defendant Integrity Express Logistics, LLC ("Integrity"),[2] a trucking-brokerage company. Plaintiffs allege that their representative arrived in Laurel, Mississippi on June 14, 2022, to transport a shipment of poultry to Defendant Sysco Food Service Grand Rapids ("Sysco")[3] in Grand Rapids, Michigan. Plaintiffs state that Defendant Sanderson Farms, Inc. ("Sanderson

---

[1] Underdog Trucking, LLC is a limited liability company licensed to do business in Louisiana. Reggie Anders is the owner and operator of Underdog Trucking, LLC and is domiciled in Louisiana. Doc. 1.
[2] Integrity Express Logistics, LLC is a foreign limited liability company licensed to do business in Ohio. *Id.*
[3] Sysco Food Service of Grand Rapids, LLC is a foreign limited liability company doing business in Michigan. *Id.*

1

Farms")[4] negligently loaded their truck with uncooled poultry measuring at a temperature of sixty-five degrees. When Plaintiffs arrived at Sysco's facilities in Grand Rapids, Sysco accepted the shipment of poultry and signed the bill of lading. Sysco then refused to pay, however, stating that the temperature of the chicken was above an acceptable temperature and not safe for consumption. Sysco also allegedly refused to pay Integrity for the shipment. Plaintiffs filed suit in this Court on August 2, 2022, alleging that Defendants are liable to Plaintiffs for breach of oral contract, breach of written contract, detrimental reliance, unjust enrichment, and negligence.

Now before the Court is Defendant Integrity Express Logistics, LLC's Motion to Dismiss, or In the Alternative, Motion to Transfer Venue. Integrity argues that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Plaintiff opposes. Because this Court finds that it lacks subject matter jurisdiction, it need not address other arguments.

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[5] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed

---

[4] Sanderson Farms, Inc., is a foreign limited liability company doing business in Mississippi. *Id.*
[5] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

2

facts.[6] The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.[7]

## LEGAL ANALYSIS

The Court will first address whether it has subject matter jurisdiction. Plaintiffs' Complaint alleges that "[d]iversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) and (b)."[8] Integrity argues that Plaintiffs fail to establish that the amount in controversy exceeds the jurisdictional threshold, and thus, that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction.[9]

Federal courts are courts of limited jurisdiction and only have power over cases authorized by the United States Constitution and federal statutes.[10] Federal jurisdiction can be established by showing either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.[11] As the party invoking federal diversity jurisdiction, Plaintiffs "bear[] the burden of establishing the amount in controversy by a preponderance of the evidence."[12] "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[13] The sum claimed by Plaintiffs control the amount in

---

[6] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[7] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[8] Doc. 1 at 1.2.
[9] Doc. 25-1 at 9.
[10] Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).
[11] 28 U.S.C. § 1332(a).
[12] Hartford Ins. Grp. v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002).
[13] St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253–54 (5th Cir. 1998).

controversy if the claim is apparently made in good faith.[14] "Dismissal is justified only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount."[15]

    Here, the Court finds the claims do not exceed the jurisdictional amount. Integrity argues that Plaintiffs' "claims can never amount to the sum necessary to confer federal jurisdiction."[16] Under Louisiana law, "[d]amages are measured by the loss sustained by the obligee and the profit of which he has been deprived."[17] Here, the alleged loss sustained by Plaintiffs as to the breach of contract claims was the loss of profits from the transportation contract. Based on evidence submitted by Integrity, Plaintiffs were to be paid $3,150 for transporting the poultry.[18] Plaintiffs do not respond to this argument in their opposition or dispute that they were to be paid only $3,150 for the transportation services in this case.[19] As the value of the contract was far less than $75,000, the breach of contract claims fall below the jurisdictional amount.

    Plaintiffs also allege damage to business reputation, emotional distress, attorney's fees, and litigation costs.[20] However, Louisiana law "significantly restricts when a plaintiff can recover attorney's fees and mental pain and anguish damages in a breach of contract action."[21] A party can only recover attorney's fees if authorized by the contract or statute, and mental anguish damages are only available in a breach of contract action where the plaintiff

---

[14] St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).
[15] *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289) (internal quotations omitted).
[16] Doc. 25-1 at 9.
[17] LA. CIV. CODE art. 1995.
[18] Doc. 25-4 at 1.
[19] Doc. 35 at 5; Doc. 32.
[20] Doc. 1 at 6.
[21] Albe v. Lenter, No. 18-5389, Doc. 16 at *9 (E.D. La Dec. 3, 2018) (citing Sher v. Lafayette Ins. Co., 988 So. 2d 186, 201 (La. 2008)).

"intended . . . to gratify a significant nonpecuniary interest by way of the contract."[22] The Agreement does not authorize Plaintiffs to recover attorney's fees, and the Court is not aware of any statute which authorizes the recovery of attorney's fees under these circumstances.[23] The Agreement also does not appear to gratify a nonpecuniary interest, as it is a contract for the transportation of chicken for which Plaintiffs were to receive a fee. Plaintiffs offer no argument to the contrary beyond the bare assertion that diversity jurisdiction is present.

Thus, the damages in this case are the lost profit under the contract, $3,150. As such, Plaintiffs have not met their burden to show that the amount in controversy is met, and this Court does not have subject matter jurisdiction over this matter. Because this Court does not have subject matter jurisdiction, the Court need not address Integrity's remaining arguments.

## CONCLUSION

Based on the foregoing reasons, this Motion is **GRANTED.** This matter is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana this 7th day of December, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] *Sher*, 988 So. 2d at 201 (stating that in a breach of contract action "attorney's fees are not allowed except where authorized by statute or contract"); Young v. Ford Motor Co., Inc., 595 So. 2d 1123, 1132–33 (La. 1992) (stating that damages for mental anguish are only available when the plaintiff "intended . . . to gratify a significant nonpecuniary interest by way of the contract").

[23] Doc. 25-3.